The Honorable Jim Argue State Senator 5905 Forest Place #210 Little Rock, AR 72207-5245
Dear Senator Argue:
This is in response to your request for an opinion concerning House Joint Resolution 1006, one of the three legislative proposals to amend the Arkansas Constitution approved by the Eighty-First General Assembly pursuant to Ark. Const. art. 19, §22. House Joint Resolution 1006 proposes a constitutional amendment to "prohibit the General Assembly from enacting a law to levy a tax, increasing or decreasing the rate of any tax now or hereafter enacted, or otherwise amending or repealing any provisions of any law levying a tax except upon the vote of three-fifths (3/5) of the total membership of each house." Your question is "whether the proposed amendment, if approved by voters at the 1998 general election, will require an affirmative vote of three-fifths (3/5ths) of the total membership of each house of the General Assembly in order to repeal existing exemptions and exclusions from the Arkansas Gross Receipts Tax levied by A.C.A. §26-52-101 et seq."
I must decline to issue an opinion on this matter at this time. As you have stated, the proposed amendment will appear on the ballot to be voted on at the 1998 general election. This office has heretofore declined to issue opinions concerning the affect of proposed amendments prior to a vote of the people. See Ops. Att'y Gen. 97-123 and 94-193 (proposals initiated through the Amendment 7 "Initiative and Referendum" process). Although the amendment in question has been proposed by the legislature, it is my belief that your question regarding the proposed amendment's affect on an existing law can not be answered at this time in the framework of or consistent with this office's mandate to issue official opinions. See A.C.A. § 25-16-706 (Repl. 1996). I, of course, provide opinions to members of the General Assembly concerning proposed bills; however, the measure in question is to be voted on by the people rather than the legislature. Further, the judicial remedies of any party disagreeing with my opinion are precluded, because a court will not entertain a declaratory judgment action to interpret proposed measures prior to enactment. See A.C.A. §16-111-104 (1987). The absence of any forum for challenging my advisory opinion, coupled with the potential impact of such an opinion on the electorate, compels me to decline to opine on the matter. I must, instead, defer to the people's right to vote on the measure free from an opinion from this office.
Sincerely,
WINSTON BRYANT
Attorney General
WB:WTR/cyh